IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-50150
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN JOSE MACIAS-CASTRO, also
known as Martin Sotel-Hernandez,
also known as Rogelio Martinez-Lopez,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Western District of Texas
USDC No. A-97-CR-106-All

_____

November 25, 1998

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Juan Jose Macias-Castro appeals his conviction and sentence
for being a previously deported alien who reentered the United
States without permission and for falsely representing himself to
be a United States citizen.  the primary issue at trial was where
Macias was born.  The evidence, viewed in the light most favorable
to the jury's verdict, was sufficient to allow a rational trier of
fact to conclude, beyond a reasonable doubt, that Macias was born

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in Mexico.  See United States v. Resio-Trejo, 45 F.3d 907, 910 (5th Cir. 1995); United States v. Martinez, 975 F.2d 159, 160-61 (5th Cir. 1992).

The district court did not abuse its discretion in denying Macias's motion for a new trial.  Macias did not meet his burden of showing that the whereabouts of his father could not have been ascertained prior to trial with due diligence.  United States v. Freeman, 77 F.3d 812, 817 (5th Cir. 1996); United States v. Mulderiq, 120 F.3d 534, 545 (5th Cir. 1997).

The district court did not commit plain error in raising Macias's base offense level by 16 levels because of his previous conviction for retaliation.  United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc).  Macias argues, without support, that he did not receive a one-year sentence for the crime and that it thus did not meet the definition of an aggravated felony as set forth in 8 U.S.C. § 1101(a)(43)(F).  Macias's presentence report ("PSR") indicates that Macias served two years for the offense.  The PSR is considered reliable and may be considered as evidence by the court when making sentencing determination.  United States v. Gonzalez, 76 F.3d 1339, 1346 (5th Cir. 1996); United States v. Lqhodaro, 967 F.2d 1028, 1030 (5th Cir. 1992).

This court does not consider Macias's arguments that his sentence was imposed in violation of the Ex Post Facto Clause and that the government presented improperly cumulative evidence

2

because these arguments were raised for the first time in Macias's reply brief.  See United States v. Jackson, 50 F.3d 1335, 1340 n.7 (5th Cir. 1995).

A F F I R M E D.